UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREAT AMERICAN INSURANCE COMPANY,

          Plaintiff,

    v.                                                    Case No. 21-cv-1018-bhl

R.J. SCHINNER CO. INC.,

          Defendant.

## PROTECTIVE ORDER

      Based on the parties' Joint Rule 26(f) report and the representations made by the parties therein and at the January 20, 2022 scheduling conference, the Court finds that good cause exists for entry of a protective order in this matter because the exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties.

      **IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

      **(A) DESIGNATION OF CONFIDENTIAL INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL."

      (1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information. The following information shall not be considered "Confidential" under this Order: (a) information in the public domain; (b) information that becomes part of the public domain after its disclosure to a party as a result of a publication not involving a violation of this Order; (c) information already known to a party through proper means prior to disclosure; and (d) information that is or becomes available to a party from a source other than the party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality.

      (2) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other

materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(3) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(4) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) through (14) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals and for reinsurance purposes).

(1) **Counsel.** Counsel for the parties, including counsel of record, outside counsel and in-house counsel, and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order, including the parents, affiliates, officers, directors, employees, or agents of the parties who have a need to know or see the CONFIDENTIAL information for purposes of this action;

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Consultants, Investigators and Experts.** The retained consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have agreed to be bound by this Order;

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but only after such persons have agreed to be bound by this Order;

(6) During their depositions, or in preparation for their depositions, any deponent or witness in this litigation to whom disclosure is reasonably necessary, unless otherwise ordered by the court;

(7) Any mediator or arbitrator engaged by the parties to this litigation;

(8) This Court and this Court's personnel;

(9) The vendors retained by the parties to this litigation, to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, e-discovery, data retrieval and storage vendors, demonstrative and audiovisual aid companies, and stenographers;

(10) The secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

(11) The author or recipient of a document containing the CONFIDENTIAL information or a custodian or other person who otherwise possessed or knew the information;

(12) To the extent contractually obligated, any insurer or reinsurer, and the parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter;

(13) Regulatory authorities if required by such regulatory body; and

(14) Other persons only after notice to all parties and upon order of the Court, or upon written consent of the parties.

**(C) MAINTENANCE OF CONFIDENTIALITY**. Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" if not already containing that designation.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the

filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(E) CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain of any information marked CONFIDENTIAL and shall keep such CONFIDENTIAL information strictly confidential in accordance with the terms of this Agreement and will continue to be bound by the obligations of confidentiality and other obligations hereunder.

Dated at Milwaukee, Wisconsin on January 20, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge